Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone (310) 590-1820
Attorneys for Plaintiff
ALOR INTERNATIONAL, LTD.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALOR INTERNATIONAL, LTD., a California Limited Company,<br><br>Plaintiff,<br><br>v.<br><br>QVC, INC., a Pennsylvania Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br>**PLAINTIFF'S COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT;<br><br>Jury Trial Demanded |

Plaintiff, ALOR INTERNATIONAL, LTD. ("ALOR"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief and remedy based on the following:

1
COMPLAINT

## INTRODUCTION

ALOR is a California-based jewelry designer, manufacturer and dealer of great renown with over three decades of success and a wide-ranging, worldwide customer network and channel of distribution. ALOR's designs have been celebrated by media and consumers alike, and are regularly featured in luxury publications and stores globally such as Nordstrom. As part of its business, Plaintiff creates three-dimensional jewelry designs that employ classic and contemporary styling, premium materials, and high-quality construction. Defendants, and each of them, are also in the jewelry business. Instead of creating their own original designs, however, they copied a number of ALOR's pieces and then sold them into the marketplace. This action is brought to seek redress for this infringement.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and § 1338 (a) and (b), and ancillary jurisdiction over the attendant claims.

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff is, and at all times herein mentioned has been, a California corporation.

5. Plaintiff is informed and believes and thereon alleges that Defendant QVC, INC. ("QVC"), is a Pennsylvania corporation that has or is doing business in, and with the residents of, the state of California.

6. Plaintiff is informed and believes and thereon alleges that some Defendants, DOES 1 through 3, inclusive, are manufacturers and/or vendors of jewelry, which

2
COMPLAINT

have manufactured and/or supplied and are manufacturing and/or supplying jewelry comprised of Plaintiff's proprietary designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1 through 3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

7.   Defendants DOES 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights and trade dress rights, have contributed to the infringement of Plaintiff's copyrights and trade dress rights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8.   Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

9.   This Court has personal jurisdiction over Defendants because they are doing business in this State and District; have intentionally engaged in acts targeted at this District that has caused harm in this District; have purported to enter into

agreements with residents of this State and District; and have purposefully availed itself of the privilege of conducting activities in this State and District. In addition, many of the wrongful acts complained of herein occurred in this State and District.

## BACKGROUND AS TO PLAINTIFF

10. ALOR has been designing unique and celebrated jewelry designs for decades. It enjoys substantial success in the luxury market and expends considerable labor and expense to develop its compelling pieces and structure and deploy advertising and marketing campaigns to further increase market awareness for its designs.

11. Plaintiff created and owns certain jewelry designs that are depicted in the attached **Exhibit A**, and will be hereinafter referred to as "Subject Designs." Each of these designs has been registered with the United States Copyright Office, or applied to be registered, and each was published prior to the acts alleged herein.

12. Plaintiff owns in exclusivity the copyrights related to the Subject Designs, as well as all attendant reproduction, adaptation, importation, marketing, and distribution rights.

13. Plaintiff expended substantial time and energy in developing its line into a widely recognized unique brand of jewelry with substantial goodwill and a worldwide client base. Plaintiff's original works are featured in major industry trade shows and popular and influential fashion print media, including *Women's Wear Daily, Vogue, Town & Country, Elle, Conde Nast Traveler, Vanity Fair, Marie Claire, and Marie Claire,* and high-end regional fashion magazines such as *Vegas Magazine, Gotham Magazine, L.A. Confidential, and Ocean Drive*. Also, Plaintiff's products are sold in hundreds of points of distribution through luxury stores and their outlets such as Neiman Marcus and Nordstrom, and ALOR's products have received numerous awards and press recognition.

**DEFENDANTS' INFRINGING CONDUCT**

14. Plaintiff's investigation into the unlawful use of its proprietary designs revealed that Defendants, and each of them, were purchasing, distributing, importing, advertising, and selling for profit jewelry that was at least substantially similar or virtually identical to, and thus infringed Plaintiff's rights in connection with, the Subject Designs (hereinafter "Infringing Products").

15. Attached as Exhibit A is a table comparing each of the Subject Designs and the corresponding Infringing Products exemplars sold by Defendants, and each of them. The exemplars of the Infringing Products are not meant to be inclusive, and the claims being made herein are as to the Infringing Products in all colors, and all Infringing Products that are substantially similar, virtually identical, or identical to the Subject Designs.

16. Plaintiff is informed and believes that certain of the Infringing Products were manufactured, developed, imported, marketed, sold, and distributed by certain DOE Defendants.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, purchased, distributed, advertised, and/or sold the Infringing Products.

18. Before the alleged infringement, Plaintiff marketed and sold jewelry pieces featuring the Subject Designs to its customers.

19. Upon information and belief, Defendants', and each of their, Infringing Products have been widely promoted, marketed, offered for sale, sold and distributed throughout the United States, including within this District.

20. Upon information and belief, the activities of Defendants complained of herein are continuing, constitute willful, reckless, and intentional infringement of Plaintiff's copyright and are in total disregard of Plaintiff's rights.

21. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, procured, purchased, sold,

manufactured, caused to be manufactured, imported and/or distributed jewelry comprised of designs which are identical to, or substantially similar to, the Subject Designs, and did so willfully, with knowledge that the Subject Designs were subject to ALOR's copyright, and with knowledge that their knock-off products were infringing.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

22. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

23. Plaintiff has filed United States Copyright Registration applications for each of the Subject Designs. These designs, and each of them, were offered for sale before the acts complained of herein, and are owned exclusively by the Plaintiff.

24. Pursuant to 17 U.S.C. § 106 of the Copyright Act, Plaintiff, as owner of the Subject Designs, possesses exclusive rights in the Subject Designs.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Plaintiff's designs, including, without limitation, the Subject Designs, including, without limitation, directly through ALOR or its subsidiaries or affiliates, or through (a) access to Plaintiff's on-line website; (b) access to widely circulated magazines that featured Plaintiff's designs; (c) access to illegally distributed copies of Plaintiff's designs by third-party vendors or DOE Defendants; (d) access to the Plaintiff's designs as sold at retail or on-line retail stores; and (e) access to the Plaintiff's designs as displayed by Plaintiff, and Plaintiff's customers and affiliates, at fashion industry tradeshows.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by procuring, creating, making and/or developing directly infringing and/or unlawful derivative works from Plaintiff's

designs, including without limitation the Subject Designs, and by importing, producing, distributing and/or selling infringing jewelry through a nationwide network of customers, retail stores, catalogues and through on-line websites. This conduct violated Plaintiff's exclusive rights in the Subject Designs.

27. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

28. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's designs, including, without limitation, the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs in an amount to be established at trial.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each, infringed Plaintiff's copyrights with knowledge that Plaintiff owned the exclusive rights in the Subject Designs, and that Defendants' acts described herein constituted infringement, and/or that Defendants, and each, were reckless in committing the infringement alleged herein. Moreover, Plaintiff is informed and believes and thereon alleges that Defendants, and each, have continued to procure, import, manufacture, cause to be manufactured and/or sell infringing jewelry after Plaintiff demanded that certain Defendants cease and desist from engaging in same. Per the above, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants, and each of them, willfully and intentionally misappropriated or infringed Plaintiff's rights in the Subject Designs, which renders

7
COMPLAINT

Defendants, and each of them, liable for the enhanced and statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and Contributory Copyright Infringement - Against All Defendants)

30. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this complaint.

31. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of Infringing Products as alleged herein.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

33. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

34. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs, in an amount to be established at trial.

35. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

<u>Against All Defendants and With Respect to Each Claim for Relief</u>

a. That Plaintiff be awarded all profits of Defendant plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under 17 U.S.C. § 101, *et seq.*;

b. A disgorgement of profits and other damages arising from such infringement, pursuant to 15 U.S.C. § 1117, and award all damages called for therein;

c. An award of actual damages sustained by Plaintiff;

d. That Plaintiff be awarded its attorneys' fees as available under 17 U.S.C. § 101, *et seq.* and 17 U.S.C. § 1202;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action;

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper;

h. That an imposition of a constructive trust be entered over all products and materials bearing, in whole or in part, any of the Subject Designs, to the extent said products and materials were created, purchased, sold,

advertised, or distributed in violation of Plaintiff's rights therein, as well as all registrations relating to Plaintiff's works filed by Defendants, any of them, and any third parties, and all profits, monies, royalties, and any other benefits derived or obtained by Defendants, or any of them, from the wrongful ownership, use, purchase, sale, distribution, licensing, or exploitation of Plaintiff's works of art.

Plaintiff demands a jury trial pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: March 9, 2016                          By: /s/ *Scott Alan Burroughs*
                                                  Scott Alan Burroughs, Esq.
                                                  Trevor W. Barrett, Esq.
                                                  DONIGER / BURROUGHS
                                                  Attorneys for Plaintiff
                                                  ALOR INTERNATIONAL, LTD.

# EXHIBIT A:

| ALOR EXEMPLARS: | INFRINGING EXEMPLARS: |
|---|---|
| Reg. No. VA - 1-829-746 | |
| Reg. No. VA - 1-817-627 | |
| Reg No. VA 1-823-104 | |

11
COMPLAINT